## HUTCHINSON v. PRESIDENT, ETC., OF MANHATTAN CO. et al.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

1. COURTS—RULES OF DECISION.

>Where the court of appeals, in a decision as to the ownership of proceeds of a draft indorsed generally, held that a creditor of the indorsee was entitled to the proceeds at a certain hour, which was the hour for closing the bank,—it being undisputed that collection was made on that day, and as soon as made the title to the proceeds immediately vested,—it is not material that at a later trial it was shown that the bank closed an hour later.

2. SAME.

>That a reason termed a "further reason" for a holding in the court of appeals is found in a later trial not to exist is not material, where the proposition announced is true regardless of the existence of such further reason.

62 N.Y.S.—70

Appeal from trial term, New York county.

Action by Lucius B. Hutchinson against the president and directors of the Manhattan Company, impleaded with another. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, and HIRSCHBERG, JJ.

John L. Branch, for appellant.

Charles E. Rushmore, for respondents.

PER CURIAM. The law of this case has already been settled by the court of appeals. Hutchinson v. Manhattan Co., 150 N. Y. 250, 44 N. E. 775. The facts are fully set forth in the opinion of Judge BARTLETT in that tribunal, and need not be restated here. The evidence differs in some respects from that given upon the first trial, but not so materially as, in our judgment, to affect the result. It turns out that the banking hours at Greenfield, Mass., begin at 9 a. m. and end at 4 p. m., instead of beginning at 10 a. m. and ending at 3 p. m., as was assumed in the opinion of the court of appeals. It also appears that a person who was described as Mr. Baker, of the defendant company, told the plaintiff, after the check in controversy had been collected on May 6, 1893, that he did not rely upon the check, and did not require the proceeds on account of the bank's loan. This testimony is relied upon as showing that the court of appeals was in error in assuming that the defendant bank made the second loan to W. L. Patton & Co., relying in part upon the check in question as collateral security. It seems to us, however, that the difference of proof in regard to those two matters does not entitle the plaintiff to recover, if we pay due regard to the rules of law applicable to the transaction which are laid down in the opinion of the court of appeals. It is there expressly declared that the fact that the defendant bank had become possessed in law of the proceeds of the Greenfield draft before 3 o'clock p. m. on May 5, 1893, was not of controlling importance, as it was undisputed that "the collection was made some time on the 5th of May, and at the instant it was made the defendant bank became liable to account either to Patton & Co. or their general assignee, and was also entitled to hold against either of them the proceeds of the collection, under the terms of the agreement contained in the loan notes." Nor is it essential, to sustain the propriety of the direction of a verdict in favor of the defendants, that it should appear that the bank on May 5, 1893, parted with present value, relying upon the proceeds of the draft as a portion of its collateral security. While this fact is assigned by Judge BARTLETT as one ground for sustaining the title of the bank, it is not declared to be the only ground or the principal ground. "As between the bank and Patton & Co. and the general assignee of the latter, who is joined as a defendant in this action," says the opinion, "the title of the bank is perfect to the draft and its proceeds, under the agreements contained in the loan notes; and, as already intimated, for the further reason that on May 5th it parted with present value, relying upon the draft and its proceeds as part of its collateral security." Even if the further reason thus spoken of is now to be deemed nonexistent, by

reason of the testimony of Mr. Baker, to which reference has been made, that fact would in no wise affect the preceding proposition, that the title of the bank to the proceeds of the draft became perfect under the agreements contained in the loan notes.

It was conceded by the testimony of the plaintiff upon the second trial that the collection of his check had been completed by the Manhattan Company before he made his demand upon the president for the proceeds thereof. Upon this record, as upon the record which was before the court of appeals, the bank appears to have acquired title to the proceeds of the draft, acting in good faith and without any knowledge of the plaintiff's claim; and for the loss of his money the plaintiff has no one to blame but himself, for intrusting his draft to Patton & Co. without any indorsement to indicate that it was intended as anything but an absolute transfer to them of the amount which it called for. The judgment must be affirmed.

Judgment affirmed, with costs.